## MORA *v.* ROSALY.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 762.—Resuelto en marzo 26, 1912.

DESESTIMACIÓN DE APELACIÓN—JURISDICCIÓN DEL TRIBUNAL SUPREMO—NUEVO JUICIO—CUANTÍA LITIGIOSA—CORTES MUNICIPALES.—Este Tribunal Supremo no tiene jurisdicción para conocer de una apelación interpuesta contra resolución denegatoria de nuevo juicio dictada por una corte de distrito en grado de apelación, en un caso procedente de una corte municipal, cuando la cuantía litigiosa sin comprender frutos e intereses no excede de $300.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Á. Poventud.*

Abogados del apelado: *Sres. Rafael Sánchez Montalvo, y Francisco Jiménez.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La demanda original se interpuso en el presente caso en la corte municipal de Ponce, a los efectos del cobro por la vía judicial de un pagaré por la suma de trescientos pesos. La corte municipal falló en contra del demandante y éste apeló para ante la corte del distrito. Celebrada la nueva vista, la corte de distrito también falló en contra del demandante. La sentencia se dictó y registró el 30 de octubre de 1909.

El demandante Mora estableció un recurso de *certiorari* ante este Tribunal Supremo, solicitó en el mismo la anulación de la sentencia de 30 de octubre de 1909, y este Tribunal

Supremo desestimó finalmente la solicitud porque no estaba
envuelta en la misma ninguna cuestión de procedimiento.
(*Mora* v. *Foote,* sobre *certiorari,* decidido el 31 de enero de
1910, 16 Dec. de P. R., 19.)

El 3 de agosto de 1911, o sea cerca de dos años después de
haberse dictado la sentencia, el demandante Mora pidió a la
Corte de Distrito de Ponce que le concediera un nuevo juicio,
y la corte, por resolución de 15 de septiembre de 1911, deses-
timó la solicitud.

Y contra esta resolución de 15 de septiembre de 1911, es
que se ha interpuesto el presente recurso de apelación.

Como puede verse a virtud de los hechos expuestos, sería
muy fácil entrar a resolver por sus méritos la cuestión que
entraña el recurso; pero, a nuestro juicio, no tenemos juris-
dicción para hacerlo así y debemos desestimar la apelación
sin decidirla en su fondo.

El artículo 295 del Código de Enjuiciamiento Civil, enmen-
dado en 9 de marzo de 1905, leyes de 1905, página 213, en lo
pertinente, dice así:

"Artículo 295.—Podrá establecerse apelación para ante el Tri-
bunal Supremo contra las resoluciones de las cortes de distrito en los
casos siguientes:

"1º. * * * * * * *.

"2º. De una sentencia de una corte de distrito dictada en apela-
ción interpuesta contra resolución de una corte inferior, dentro de los
quince días después de registrada dicha sentencia, si el valor de la
cosa reclamada o cuantía de la sentencia sin comprender frutos e
intereses, excediera de trescientos dollars."

Y como la sentencia en este caso se dictó por la corte de
distrito en apelación interpuesta contra sentencia de la corte
municipal, y como el valor de la cosa reclamada no excede de
trescientos dollars, es necesario concluir que el recurso de
apelación interpuesto no está autorizado por la ley y que, por
tanto, no tenemos jurisdicción para resolverlo en su fondo.

Se dirá tal vez que en el presente caso no se ha apelado
de la sentencia, sino de la resolución negando un nuevo juicio.

No discutiremos si la anterior razón tendría o nó fuerza legal en un juicio en que la cuantía de la reclamación o de la sentencia excediera de 300 dollars; pero desde luego afirmamos que carece de toda eficacia en el recurso sometido a nuestra consideración, en el que el valor de la cosa reclamada y la cuantía de la sentencia no exceden de la expresada suma. Si admitiéramos que tal recurso fuera procedente, dejaríamos burlado el precepto del legislador contenido en la sección 2ª. del artículo 295 del Código de Enjuiciamiento Civil, porque entonces, en vez de apelarse de la sentencia, se solicitaría un nuevo juicio, se apelaría de la negativa del nuevo juicio y por ese medio hábil podría llegarse a la revocación de una sentencia, que mediante recurso de apelación contra la misma interpuesto, no podría ser revocada por falta de jurisdicción de esta Corte Suprema.

Por falta de jurisdicción, debe desestimarse el recurso interpuesto.

*Desestimada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.